# HIGH COURT

# ERRORS AND APPEALS.

## JANUARY TERM, 1843.

---

### Bull *v.* Harrell *et al.*

The dismissal of an appeal, for want of jurisdiction, does not bar a writ of error.
A note being made payable to a bank does not render the notes of such bank receivable in payment.

IN ERROR from the circuit court of the county of Chickasaw.

This was an action of assumpsit on a promissory note made by the defendants in error to W. O. Cook & Co. for thirty-seven hundred and twenty-eight dollars, payable at the office of the Aberdeen and Pontotoc Railroad and Banking Company, at Aberdeen, and by the payees indorsed to plaintiff in error. The defendants plead, as a set-off, the notes of said corporation, and proved a tender. The Hon. Stephen Adams, before whom the cause was tried, refused to instruct the jury that the notes of said company were not a good tender; but charged that, if they believed, from the note offered in evidence, that it was the intention of the parties, at the time of making the contract, that the notes of said company should be received in payment, they were a good ten-

der. Verdict and judgment for defendants. An appeal was prayed to this court, which was dismissed for want of jurisdiction. A writ of error was subsequently sued out, to which the following plea in bar was filed:

And now, at this term of the court, come the defendants in error and pray judgment of the said writ of error, and that the same may be dismissed; because they say that, after the rendition of the judgment in the said record and proceedings mentioned, the said plaintiff in error, in open court and on the same day said judgment was rendered, prayed and obtained from the said circuit court of Chickasaw county an appeal to the High Court of Errors and Appeals, as fully appears by the records of the said circuit court: and the said defendants in error further say, that the said appeal afterwards, to wit: at a term of the said High Court of Errors and Appeals, begun and held on the first Monday in January, 1842, by the judgment and consideration of said court, was dismissed, as appears by the records of the said High Court of Errors and Appeals: and this they are ready to verify; wherefore they pray judgment, &c.

Gholson for the motion to dismiss.

The first question presented in this case, for the consideration of the court, arises on the plea in bar of the writ of error.

It appears from the record that the plaintiff prayed and obtained an appeal to this court. Having elected to take an appeal, can he abandon that and afterwards sue out a writ of error?

The plea also shows that the appeal taken in this case was dismissed by the judgment of this court. The statute, in such case, is imperative, and without any exception, that, where an appeal shall be dismissed, no writ of error can be sued out afterwards. The dismissal of the appeal is a bar to any other appeal or writ of error. H. & H. 537.

Mr. Justice Turner.

This case is submitted on the plea of the defendant in error to the writ of error, on the ground that the plaintiff had, at a previous term, brought up the case by appeal, and that the same was

dismissed by this court, after which this writ of error was sued out.

It appears from the record that the appeal was dismissed for want of jurisdiction, and the question is, whether a dismissal for that cause will bar or preclude the party from suing out his writ of error. Although the language of the statute of 1822 on this subject is very explicit, "that after the dismission of an appeal, writ of error or supersedeas in the supreme court, no appeal, writ of error or supersedeas shall be allowed," Rev. Code, p. 156, sec. 33, yet this statute, like all others of a general nature, has been liberally construed, to answer the ends of justice. Cases have occurred where these dismissals have taken place without any fault of the party, but for some irregularity over which he had no control, such as the insufficiency of the appeal bond, as prepared by the clerk, or by accident or death of the appellant or plaintiff in error. In such cases the court has not considered the party barred of his constitutional right to be heard in the appellate court. This is a highly important and valuable right, and should not be denied but upon the most clear and satisfactory grounds.

Soon after the passage of the act above recited, which was enacted, indeed, in 1818, and afterwards incorporated into the Revised Code of 1821–2, two cases occurred within my knowledge, (for I was of counsel for the defendants in error, and moved for and obtained the dismissal of the cases,) where the court permitted the plaintiffs in error to sue out and prosecute a second writ of error. They were the cases of Pierce *v.* Brand and Pierce *v.* Hunt. On the second writs of error being brought, I moved the court to dismiss them because the same cases had been once dismissed. The court overruled the motions, being satisfied that the plaintiffs were not in fault, and that the statute should have a liberal construction to answer the ends of justice. These cases were then tried on their merits, and the judgments were reversed. I am under the impression that the same view of this matter has since been taken by the court, but I cannot name the cases.

It appears that in the case now before us, the appeal was not properly before us, and that the party is not barred of his writ of error. The plea is therefore overruled.

Bull *v.* Harrell *et al.*

The case is also submitted on the merits, and we are of opinion that the judgment be reversed for misdirection of the court to the jury. The note sued on was payable at the Aberdeen and Pontotoc Railroad and Banking Company, but made payable to George W. Harrell and others, and was not the property of the bank, and a tender of the notes of the bank was not, of course, a legal tender.

Judgment reversed, and cause remanded for a new trial.